GOODRICH *v.* LELAND.

# In the Matter of the Appeal of Merchant H. Goodrich, Administrator of the Estate of Harrison W. Goodrich, v. Joshua G. Leland, Administrator of the Estate of Chauncey S. Goodrich, Jr.

*Partnership: Mortgage: Individual liability: Statute of Limitations.* Harrison W. and Chauncey S. Goodrich, Jr., in September, 1852, borrowed money of one Fasquelle, and gave him a note or contract under seal for the payment of the same, and which fell due in September, 1865.

The said note was secured by a mortgage of same date, executed by Goodrich, Sr. and wife, to secure the payment of the same.

Goodrich, Jr., died previous to May, 1862; Harrison W. died in 1864; Goodrich, Sr., died in the life-time of Chauncey S., Jr. and devised to him the premises mortgaged, to secure the said debt.

The mortgage was foreclosed, and the premises sold September 10, 1860, for $1,242 75; May 10, 1862, the administrator of said Chauncey S., Jr. redeemed the premises by paying the amount due. Subsequently he presented his claim for one half of the said amount against the estate of said Harrison W. for contribution, and which was allowed by the commissioners.

On the trial of the appeal, the administrator of the estate of said Harrison W., offered to show that said Harrison W. and Chauncey S., Jr. were partners with one Cornelius D., at the date of said note; that said money was borrowed with the knowledge and consent of the partnership, and used for partnership purposes; that said partnership was unsettled and debts due. This was refused, and a verdict rendered for the amount of the claim.

*Held,* that Goodrich, Sr., must be regarded as having executed the mortgage at the request of Harrison and Chauncey Goodrich, Jr., to secure their debt, of which the note was evidence. Had he been living at the time of the redemption and had paid the mortgage, he could have sued them for money paid for their benefit, and Chauncey S., Jr. being the devisee of the mortgaged premises stood in the right of the devisor, and was entitled to recover for the half of the redemption money paid by him as for so much money paid for the use of Harrison W. Goodrich or his estate.

*Held further,* that the action was not barred by the statute.

The action arose from the time of redemption, and not from the time when the original creditor's right of action accrued against the debtors, on the note.

*Held further,* that the note being under seal, an action of debt could have been brought upon it at the time the claim was allowed.

In the absence of any proof that the condition of the estate did not warrant the administrator to redeem, the court will presume that, in redeeming, he acted in the proper discharge of his duty.

*Heard April 6th. Decided April 13th.*

Error to Washtenaw Circuit.

This was an appeal by Merchant M. Goodrich, executor of H. W. Goodrich, deceased, from the decision of commissioners allowing a claim in favor of the administrator of C. W. Goodrich, Jr. deceased.

GOODRICH *v.* LELAND.

It appeared that Harrison W. Goodrich and Chauncey S. Goodrich, Jr. September 11th, 1862, borrowed thirteen hundred dollars of John Lewis Fasquelle, for which, they gave a note or contract, under seal, for the payment of said sum and interest, by instalments; the last of which fell due September 11th, 1865. This note or contract is also executed by Chauncey S. Goodrich, Sr. and his wife; but it is therein expressly declared that the two latter named persons sign merely to give their assent to certain stipulations, and the release therein referred to (in reference to entry of judgment, and release of errors), and not to be liable to the payment of said Fasquelle. This note, or contract, also refers to a mortgage of the same date, executed by said Chauncey S. Goodrich and wife, to secure the payment of the note or agreement. And they (Chauncey S. Goodrich, Sr. and wife) execute to said Fasquelle a mortgage upon the lands of said Chauncey S. Sr. to secure the same note or contract. Chauncey S. Goodrich, Jr., one of the real makers of the note or contract died sometime previous to May, 1862, (the exact date the case does not show.) Harrison W. Goodrich, the other real maker of the note (and with Chauncey S. Jr. personally liable for its payment,) died September 10, 1864. Chauncey S. Goodrich, Sr. the mortgagor, died in the lifetime of Chauncey S. Jr. and devised to the latter the mortgaged premises, which was then subject to a part of the debt secured by it.

The mortgage, by assignment, came to the hands of Sarah H. Goodrich, who foreclosed it, and sold the mortgaged premises, September 10, 1860, for $1.242 75.

On the 10th day of May, 1862, the administrator of Chauncey S. Goodrich, Jr., (the devisee of the mortgaged premises) redeemed the mortgaged premises by paying the account due, to the assignee. And for one-half of the sum thus paid the administrator presented his claim against the estate of Harrison W. Goodrich, (who, with him was one of the persons originally and personally liable for the

amounts) for contribution, and this claim was allowed by the commissioners to the amount of $726 63.

On the trial at the circuit, on appeal from this allowance by the commissioners, the administrator of Harrison W. Goodrich, deceased, offered to show that the deceased and Chauncey S. Goodrich, the real parties to the note or contract, were, at its date, co-partners in trade with one Cornelius D. Goodrich; that the money obtained on the note or contract was borrowed with the full knowledge and consent of all the partners, and was used in the partnership business; that the partnership business was yet unsettled, and that there were outstanding debts against the firm not yet paid.

This offer was rejected by the court. He then requested the court to charge the jury:

1st. That the appellee (the claimant) could not recover upon the facts in evidence, and the law applicable thereto.

2d. That the payment made in discharge of the mortgage read in evidence, collateral to the note on which contribution is claimed, is not such payment as entitles the appellee to contribution on the notes.

3d. That the claim is barred by the Statute of Limitations, if the jury believe that the payments (admitted by the claimant to be endorsed upon the mortgage, but not otherwise proved) were endorsed on the mortgage only.

4th. That the voluntary payment by Leland, the administrator of the estate of Chauncey S. Goodrich, deceased (one of the original debtors), there being no legal obligation upon said Leland or the estate he represented to pay said note, is not such payment as would entitle him or the estate to the contribution claimed.

All which requests were refused. The jury found a verdict for the claimant for $894 15, upon which judgment was rendered in the Circuit Court, and the case is removed to this court by the administrators of the estate of Harrison W. Goodrich, by bill of exceptions and writ of error.

*Norris & Uhl,* for plaintiffs in error.

1. It was error in the court to exclude the following offered testimony.

*a.* That Harrison W. Goodrich and Chauncey S. Goodrich, Jr., two of the makers and the only real makers of the note, were at the date of the note, co-partners in trade with one Cornelius D. Goodrich — that the money obtained by and on this note, was borrowed with full knowledge and consent of all the partners, and was used in the partnership business.

*b.* That the business of such co-partnership was yet unsettled—at the date of the trial.

*c.* That there were outstanding and unpaid debts yet due by said co-partnership.

Its effect was not to contradict or vary by parol the terms of a written instrument.

It admits the contract or borrowing, and only seeks to show that in the present relations of the estates of the deceased makers, it would be illegal and inequitable, (and in these and other cases Probate Courts have a species of equitable jurisdiction—*People v. Wayne Cir. Judge, 11 Mich. 393*) to call upon one of the maker's estate for any of it — and in any event for only one-third of it, if such should prove to be the relative interest of the several partners and their estates.

This testimony tended to show that H. C. Jr. and C. were in business together. That H. and C. Jr. borrowed money for the firm and used it for the firm, with the knowledge and consent of all, — (the giving of a note is of no consequence as between these two makers.) Two of the partners die. The partnership matters are unsettled. Its debts are due, and before the partnership affairs are closed and the outstanding debts paid, one partner's estate calls upon the estate of another (in a suit upon this single transaction) to pay one-half and interest, of this borrowed

money, that he has voluntarily paid to protect his private estate.—*Fernald v. Danby, 26 Me. 470; Grafton Bank v. Kent, 4 N. H. 221; 21 Pick. 195; 10 Shep. 156; Tucker v. Peasely, 36 N. H.*

2. The court should have charged the jury that the appellee cannot recover upon the law and the facts. The bill of exceptions gives all the testimony.

*a.* There was no formal issue in the case; none ordered by the court and none made; no declaration filed, and consequently no plea filed.—*Comp. L. § 2940.*

*b.* There were no sufficient proofs made by the claimant below.

*c.* Contribution will not lie, between partners, no settlement having been had, etc.—*1 Pars. Cont. 34; Murray v. Bogert, 14 Johns. 318.*

3. The payment was made by Leland, administrator, without authority of the Probate Court. The note was never presented or proved against the estate of C. S. G. Jr. (the mortgage he never made); at least there is no evidence of such proof or presentment.

The note was not paid in the lifetime of C. S. G. Jr. There is no proof of the payment of the note at all. There was a mortgage given by other parties, collateral to the note, and this mortgaged land Leland "redeemed * * from the sale" by paying the amount due (after the statute had barred an action upon the note) to the assignee of the mortgage, to protect property that his intestate took by will, subject to the mortgage. Had the administrator authority, by virtue of his office, to so apply the funds of the estate? By this payment wherein has he paid the note or any part of it?—*8 Mich. 34.*

4. The court was asked to charge the jury that the claim of the appellee was barred by the statute of limitations.

*a.* The note was due on the 11th day of September, 1855, and the statute then began to run. No payments were endorsed or proved to have been made on the note.

The statute will run against this note ( or contract) in six years. Also, see allowances made in the matter of estates.—*Sigler v. Platt,* 16 *Mich.* 210; *Comp. L.* § 5370.

*b.* The commissioners allowed the claim appealed from, against the estate of Harrison W. Goodrich, on the 24th day of May, 1865.

*c.* There was no proof of payment on the mortgage, other than endorsements by the assignee of the mortgage.— *Comp. L.* § 5377.

*d.* It is not necessary to plead the statute of limitations, in the matter of claims ( and in this matter, with no declaration, no plea could be made,) brought against estates— the law interposes the statute to protect estates, and throws the burden of proof upon the claimant to show that his claim is not so barred, and in this case the only evidence offered, to show the claim within the life given it by statute, was the written endorsement made and signed by the assignee of the mortgage, on the mortgage, presumably made by mortgagors, who were not personally liable on the note.— *Comp. L.* § 2924; *Mich. Ins. Co. v. Brown,* 11 *Mich.* 273.

Conceding that there is proof of the payment of the note or debt, would contribution lie, upon a voluntary payment of this note, made by C. S. G. Jr's., administrators, after the statute of limitations had barred the claim, before allowance by probate proceedings — in a word, when there was no legal obligation upon the administrator of the estate to pay, which legal obligation (if it had existed) rested equally upon all the makers ?—*2 Pars. on Bills and Notes,* p. 253; 1 *Pars. on Cont.* p. 33, 34.

*Joslin & Blodget,* for defendants in error.

1. The statute of limitations does not apply. A payment takes the debt out of the statute, no matter how proven, whether by endorsement on a note or mortgage, or receipted without endorsement, or by sworn testimony as to the fact.—*10 N. H.* 489; 19 *Vt.* 59.

2. The appellee is entitled to contribution, whether the payment was voluntary or compulsory.

3. The payment in this case was compulsory, as the land mortgaged was willed to C. S. Goodrich, Jr. and the mortgage foreclosed, and the right of redemption nearly expired.

4. The only questions for consideration in this court, arising from the Judge's charge to the jury, were that the testimony of Achsah and M. H. Goodrich was immaterial, and the refusal of the judge to charge as requested.

The maker, who paid the note, was entitled to contribution for half the principal and interest, paid with interest from date of the payment, whether the payment was compulsory or voluntary.—7 *Mass. 255; 2 Met. 47; 22 E. L. & Eq. 362; 19 Pick. 260; 21 Id. 195.*

CHRISTIANCY J.

Chauncey S. Goodrich, Sr. the mortgagor, must be regarded as having executed this mortgage at the request of Harrison W. Goodrich and Chauncey S. Goodrich, Jr. (who were the only real debtors), and for their benefit, and to secure their debt. The note or contract for the payment of the money, recognizes the fact that the mortgage was executed for this purpose. Had the mortgagor been living at the time of the redemption, and had redeemed and paid the mortgage to save his land, it would have been so much money paid to the use of Harrison W. Goodrich and Chauncey S. Goodrich, Jr. the real debtors, for which he might have sustained his action against them had they been living.

The mortgagor's cause of action would have arisen from the payment made on redemption, and the statute would begin to run upon it from that time, without any reference to the time when the original creditor's right of action accrued against the debtors themselves, on their note

or contract. — *Hale v. Andrus, 6 Cow. 225; Lomax v. Pendleton, 3 Cal. 538, 542; Conn v. Coburn, 7 N. H. 368; Odlin v. Greenleaf, 3 Id. 270; Butler v. Wright, 20 Johns. 367; Davies v. Humphreys, 6 Mees. & W. 153; Rodman v. Hedden, 10 Wend. 498.*

If the remedy upon the mortgage, as a lien upon the land, had been barred by the statute before foreclosure, and the mortgagor had afterwards paid the mortgage or allowed it to be foreclosed and the land to be sold, without taking advantage of the statute, there might be a question whether such voluntary payment would entitle him to an action against the parties originally liable for the debt. But the remedy on this mortgage to enforce the lien upon the land, was not barred at the time of the foreclosure and redemption — even admitting, as urged by the counsel for the plaintiff in error, that the action on the note had been barred in six years from the time the last instalment became due. — *Mich. Ins. Co. v. Brown, 11 Mich. 265.*

The relation of the mortgagor to the principal debtors was substantially that of a surety for their debt; with this difference from ordinary suretyship, that he had bound his land for the debt, instead of binding himself personally. And the real debtors, after having induced him to execute the mortgage for their benefit, and thus to place his land where it might be taken for their debt at any time within twenty years, cannot, after the land has been thus taken within that period, turn around upon him and refuse to repay the amount, because the personal action of the original creditor upon the paper which *they* gave *him* for the debt, has been barred by the statute of limitations.

But the remedy of the creditor against the real debtors upon their note or contract was not barred, as is claimed, in six years from the maturity of that paper. That note — or rather special contract — was under seal; and an action of debt might have been brought within ten years (which had not expired when the redemption took place, or when this

claim was allowed by the commissioners). An action of *assumpsit* only was barred in six years. See § *1 Ch., 165 Comp. L.,* and compare § *7* of the same chapter with the subdivisions *1 and 4 of* § *1.*

*Sec. 4550 Compiled Laws,* does not compel a party to resort to an action of assumpsit upon a sealed instrument.

Such would have been the rights and duties of the respective parties, had all of them been still living. Their deaths have not changed these rights and duties, except that they are now vested in or devolved upon their respective executors or administrators.

But the mortgagor dying, devised the mortgaged premises still subject to the mortgage, to Chauncey S. Goodrich, Jr. And had the latter not been one of the original debtors, bound ( with Harrison W. Goodrich ) to relieve the land from payment of the mortgage, and had he been still living, and redeemed the land from the mortgage sale, there can be no doubt that he would have stood in all the rights of the mortgagor to enforce payment of the whole amount thus paid against the real debtors. In other words, he would have been subrogated to all the rights of the mortgagor. But, being himself one of the original debtors, jointly liable with Harrison W. Goodrich to relieve the land from this charge; he, in paying the whole redemption money, pays one half, and only one half, in discharge of his own personal obligation; the other half he pays in discharge of the like obligation of Harrison W. Goodrich; and must therefore be entitled to recover of the latter this one-half by way of contribution, as so much money paid to his use.

Now it does not alter the case in principle, that his administrator has redeemed after his death; and the redemption gives him the same right to prove the amount against the estate of Harrison W. Goodrich. The mortgaged premises were, by the statute, assets in the hands of the administrator of Chauncey S. Goodrich, Jr. The condition of the estate is not shown; but in the absence of any showing,

that the condition of the estate did not warrant him in redeeming, or that his action was not approved or directed by the Probate Court, we must presume that he acted in the proper discharge of his duty as administrator.

These considerations settle the case in favor of the claimant, unless his right was cut off or affected by the fact ( which for the purposes of this case, under the offer to prove, may be taken for granted,) that Harrison W. and Chauncey S. Goodrich, Jr. who signed the note or contract for the payment of the money, were, at the date of the papers co-partners in trade with one Cornelius D. Goodrich; that the money obtained by the note and mortgage was borrowed with the knowledge and consent of the partnership, and used in the business of the firm, which was still unsettled, and the partnership debts not all paid.

This offer was not to show that the money was borrowed on account of the firm; and such was not the legal effect of the state of facts offered to be shown, in connection with the contracts in writing, executed by the two partners who borrowed the money. The loan was made by the two only, and they alone became personally responsible to the creditor.

Their paper, and not that of the firm, was given for it; and the creditor could not have sustained an action against the firm, nor have rendered them responsible for it, though it actually went into the firm and was used by them. The mode in which it was used or the hands into which it subsequently passed, did not alter the legal effect of the written contract by which it was obtained. — *Emly v. Lye, 15 East. 7; Exparte Hunter, 1 Atk. 225; Bevan v. Lewis, 1 Sim. 376; Graeff v. Hitchman, 5 Watts, 454;* and see *Loyd v. Freshfield, 2 Carr. & P. 325; Smith v. Craven, 1 Cromp. & Jer. 500.*

The legal effect of the transaction shown by the papers executed, when taken in connection with the facts proposed to be shown, was to make Harrison W. and Chauncey S. Goodrich, Jr. the borrowers, and only debtors, and the

money obtained, their money. If they saw fit to let the firm have the money, whether in pursuance of a prior or subsequent understanding that it should be so used; this created, when the money was received by the firm, a new and independent contract, between the two original borrowers on the one side, and the firm on the other, by which the two became the creditors of the firm, and the firm became debtors to them for the amount.—*3 Kent's Com. (5th ed.) 41 and 42; Story on Part. 134, 140; Green v. Tanner, 8 Metc. 411; LeRoy v. Johnson, 2 Pet. 198; Sylvester v. Smith, 9 Mass. 119, 121; Ketchum v. Durkee, Hoff. Ch. 528; Foster v. Hall, 4 Humph. 346; Ripley v. Kingsbury, 1 Day, 150, note; Jacques v. Marquand, 6 Cow. 497; Foley v. Robards, 3 Iredell, Law, 179, 180; Willis v. Hill, 2 Dev. & Bat. 231; Bond v. Aitkin, 6 Watts & S. 165.*

This separate and independent contract, by which the money was loaned to the firm, can have no bearing upon the rights or duties, growing out of the original contract and mortgage by which the money was obtained, nor could it alter their duty to protect the land from the collateral mortgage given at their request.

The result is that the commissioner and the Circuit Court were right in allowing the claim; and the judgment of the Circuit Court must be affirmed, with costs to the appellee.

The other Justices concurred.