HARLAN P. CHRISTY AND MARTIN K. CHRISTY v. CHARLES D. FARLIN.

*Assumpsit and covenant—Statute of limitations.*

Comp. L. § 6194, permits *assumpsit* to be brought where covenant might be maintained, but § 7148 bars any action in *assumpsit* after six years. *Held* that it is the form and not the cause of action which fixes the bar, and the remedy elected is governed by the limitation appropriate to itself.

A declaration in *assumpsit* upon the covenants of a deed cannot be treated as a declaration in covenant.

Error to Saginaw. Submitted October 12. Decided October 18.

ASSUMPSIT. Defendant brings error. Reversed.

*DeForest Paine* for appellant.

*Tarsney & Weadock* and *William L. Webber* for appellee.

CAMPBELL, J. Plaintiffs sued defendant for breach of a covenant of seizin in a deed of lands in Saginaw county, made by defendant to them on the 7th day of August, 1872. The suit was commenced August 9th, 1880. The action brought was *assumpsit*, with a special count and the common counts. Defendant among other defenses set up the statute of limitations as a bar, but it was disallowed on the ground that actions on covenants are not barred in less than ten years.

This was error. The statute does not fix the bar by the cause of action, but by the form of action. By section 7148 of the Compiled Laws, among the actions barred in six years are: "All actions of *assumpsit*, or upon the case, founded upon any contract or liability, express or implied."

By section 6194 it is provided that *assumpsit* may be brought on contracts under seal or judgments, in any case where debt or covenant could be maintained. And there

are several other statutory provisions allowing *assumpsit* to be brought on torts and on statutory liabilities. In all these cases parties may elect which remedy they will pursue, and it can be readily seen that there may be advantages in the choice. In the present case the plaintiffs saw fit to include the common counts, which might enable them to include different causes of action, although they seem to have had no occasion to rely on any other than the covenant.

The language of the statute is positive and free from ambiguity. It covers every action of *assumpsit*. This question was settled several years ago in *Sigler v. Platt* 16 Mich. 206, where the case depended on this question and was decided upon it. The doctrine was also recognized, and the distinction pointed out between the effect of the statute on *assumpsit* and on other remedies in *Goodrich v. Leland* 18 Mich. 110. It was shown in this latter case that plaintiffs had an election of remedies, and were governed by the limitation appropriate to each.

An argument was made that the Court might construe this action as one of covenant. The declaration will bear no such construction. It is in all respects framed as a declaration in *assumpsit*, and, as already suggested, contains the common counts in *assumpsit*, which cannot be harmonized with any other form of action. The statute when it gives a choice of remedies will not allow courts to treat one as identical with the other. The plaintiff is bound by his election.

As this defense is conclusive, we have no occasion to consider any of the other questions raised on the trial. The action being now barred by the lapse of ten years, the controversy is practically closed.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.