MARTHA F. STEWART v. ROLLIN C. SPRAGUE AND SAM-
UEL W. GILLIS.

[See 76 Mich. 184.]

*Landlord and tenant—Lease—Surrender—Pleading—Debt—Assump-
sit—Statute of limitations.*

1. To show a surrender of a lease, a mutual agreement between the
   lessor and the original lessee that the lease is terminated must
   be clearly proved, which surrender releases the original tenant
   from further liability.
2. How. Stat. § 8713 (subd. 3), bars an action of *assumpsit* or debt
   for rent due on a *parol* lease in six years after the action
   accrues.
3. An action of *debt* for rent due on a lease under *seal* may be
   brought at any time within *ten* years after the action accrues,
   being governed by How. Stat. § 8719; but an action of *assump-
   sit* under How. Stat. § 7778, for such rent, is barred in *six*
   years, the *form* and not the *cause* of action fixing the bar.

Error to Wayne. (Gartner, J.)  Argued May 18, 1888.
Decided June 22, 1888.

Debt for rent on sealed lease.  Plaintiff brings error.
Reversed.  The facts are stated in the opinion.

*James H. Pound*, for appellant, contended:

1. This is not an action for rent so called, but of debt on a sealed
   instrument to recover damages for a breach of its covenants,
   and falls within How. Stat. § 8719; citing *Goodrich v. Leland*,
   18 Mich. 110; *Post v. Campau*, 42 Id. 94.

2. The only surrender is that shown by the plaintiff, which was not one in fact because not in writing; citing How. Stat. § 6179; and it could not be a surrender in law, it not being shown that the defendants agreed to anything; citing *Lyon v. Reed*, 13 Mees. & W. 285.

3. In all cases of leasing, to show a surrender, a mutual agreement between the lessor and the original lessee that the lease is terminated must be shown; citing *Bedford v. Terhune*, 30 N. Y. 453.

4. The question of whether there has been a surrender is for the jury; citing *Nickells v. Atherstone*, 59 E. C. L. 944.

*William J. Gray,* for defendant Sprague, contended:

1. Defendants had practically left the premises vacant, and plaintiff had assumed possession, and, in the absence of the notice claimed to have been given them, they were practically ousted. It was not incumbent on them to assert their right of possession, but they might assent to the virtual expulsion; citing *Dyett v. Pendleton*, 8 Cow. 727; *Dobbins v. Duquid*, 65 Ill. 464.

2. After eviction the tenant is not liable for rent; citing *Marsh v. Butterworth*, 4 Mich. 575.

3. How. Stat. § 6179, requires that a surrender must be in writing, unless it be by act or operation of law.

4. The surrender must be by the person holding the term; citing Wood, L. and T. § 487.

5. The action is barred under the statute, excepting as to the last installment of rent. [This point is fully discussed in the opinion.—REPORTER.]

LONG, J. This is an action of debt, brought to recover damages claimed by reason of the failure of defendants to pay rent of certain premises described in a written lease signed by the parties. The action was commenced on March 31, 1886. The facts in the case are practically agreed on, and the questions involved raise an issue of law.

In the spring of 1877 the two defendants were partners, doing business under the name of Gillis & Sprague, and leased a store building from plaintiff for the three years ensuing April 1, 1877, upon a specified rental, pay-

able monthly. The last monthly installment of rent
under the lease fell due March 31, 1880. The rent was
payable as follows : The sum of $3,600 at the times and
in the manner following, viz.: The sum of $83.35 on the
first day of each of the months of April and May, and
the sum of $83.33 on the last day of each of the remain-
ing months of the year ending April 1, 1878 ; the sum of
$100 on the last day of each of the months of the year
ending April 1, 1879 ; the sum of $116.70 on the last day
of the first two months, and the sum of $116.66 the last
day of each of the remaining months, of the year ending
April 1, 1880.

On September 6, 1877, the defendants made a common-
law assignment to F. G. Russell, who took possession of
the store. On the 11th of the same month, the defend-
ants filed a voluntary petition in bankruptcy under the
national bankrupt law, and were adjudicated bankrupts,.
and Henry A. Harmon was appointed as assignee, who
took possession of the store, October 2, and occupied it
for one month. All of the rent to November 1, 1877,
was paid by the defendants and Russell and Harmon, each
paying for the period of his own occupation. On or
about November 1, 1877, the assignee, Harmon, gave up
possession of the store, and tendered the keys to plaint-
iff's agent, who accepted them from Harmon upon the
condition of holding the defendants under the lease. The
plaintiff refused to accept the keys upon any other theory
or condition than that the defendants should be holden
under the lease, and that the plaintiff should do the best
she could to procure another tenant, and hold the defend-
ants liable for any deficiency. It is claimed by the
defendants that they knew nothing of this surrender
made by Harmon. Plaintiff took possession of the store,
and made efforts to re-rent it. In the following January
plaintiff rented the property to Fales & Co. for five years ;.

$700 for the first year, $1,000 for the second, third, and fourth years each, and $1,300 for the fifth year. Fales & Co. received possession of the store from plaintiff in January.

On November 7, 1877, plaintiff mailed to each of the defendants a notice of the conditions attached to her acceptance of possession, and that she should hold them under the lease. Plaintiff produced no other or further proof of service of such notice than such mailing, except a letter offered in evidence, and rejected by the court, sent by Mr. Clark, attorney for the defendants in their bankruptcy matters. This letter, received from Mr. Clark, was addressed to S. Wightman Stewart, the agent of plaintiff, in whose name the notice was given to the defendants as above stated, and reads as follows:

"LAW OFFICE OF FRED W. CLARK,
"Rooms 32 & 33 Moffat Block,
"DETROIT, November 10, 1877.
"S. WIGHTMAN STEWART, ESQ.,

"Dear Sir: We were much surprised this morning, in view of the fact that we have turned over to our creditors everything we possess, to receive a letter from you stating that you had a claim for rent against us, which, while we are perfectly satisfied is a provable debt in bankruptcy against us, you nevertheless neglect to prove, and endeavor to hold us responsible for. We will simply call your attention to sections 5067, 5068, 5069, and 5071 of the bankrupt law; and if you, in view of the fact that under this law your claim is provable, neglect to prove it, you must take the consequences. We hereby notify you that we intend to apply for a discharge of all our debts, of which this is one, and that we shall not consider ourselves legally or morally holden on your pretended claim, and suggest to you that you had better do as other creditors have done,—prove up your claim, and get your dividend.
"Yours truly,
"GILLIS & SPRAGUE,
"By Fred W. Clark, their Attorney."

Defendant Sprague was called as a witness in behalf of

defendants, and testified that he did not receive the notice from the plaintiff before referred to, and the first he ever saw of it was on the trial of this cause, and the first he ever heard of it was about the time the summons was served as commencement of this suit. Defendant also testified that Mr. Clark, who signed the letters as attorney for Gillis & Sprague, and herein set forth, was not the lawyer of defendants except in the bankruptcy proceedings.

Mr. S. W. Stewart, called by the plaintiff, testified as follows :

" *Q*. What is the fact as to whether you have ever asked either Mr. Sprague or Mr. Gillis for the balance of the rent?

" *A*. Well, I don't know as I ever asked them specifically for the rent, but I have met them both at times ; and, in conversation about it, they claimed they were not liable under the lease, and did not propose to pay anything.

" *Q*. Was that since the sending of these notices?

" *A*. I am not sure about that ; but it was after the bankruptcy proceedings."

Mr. Sprague was then recalled by plaintiff, and testified that he never had a talk with Mr. S. W. Stewart since the time defendants gave up possession of the store, but that he did not know what talk Mr. Gillis may have had.

Mr. Stewart, being then recalled, testified that he had a talk with both Sprague and Gillis about the rent. This was all the testimony given as to the notice sent by the plaintiff to defendants, and all the testimony given as to the knowledge of defendants that plaintiff claimed in 1877 to hold them liable for any deficiency in the rent.

Error is assigned upon the ruling of the court in excluding this letter from Mr. Clark. The letter was properly excluded. While it may be said the inference is very strong that the defendants, or one of them, received

the notice to which the Clark letter was apparently an answer, yet no competent evidence was given to warrant the court in receiving it in evidence. As we view the case, this matter was wholly immaterial. The record does not show, and it is not claimed, that the plaintiff ever accepted either Russell or Harmon as tenants, and agreed to release the defendants from the covenants of their lease. While Russell and Harmon paid some rent to the plaintiff, they did it as their assignees, and the defendants still remained liable for the amount. When Harmon finally abandoned the building, it was for the benefit of the lessees that the plaintiff re-rented the premises to Fales & Co., and this act did not release the defendants from the payment of any deficiency that might arise.

Error is also assigned upon the ruling of the court in excluding the following question put to Mr. Stewart by plaintiff's counsel :

"What is the fact as to whether, acting upon the suggestion contained in this letter, you attempted to make proof of the deficiency in the bankruptcy court?"

We do not think this ruling prejudiced the plaintiff's case. It was admitted upon the trial that an effort was made to prove the claim in bankruptcy, and the claim was excluded, and no claim is now made that the bankruptcy proceedings in any manner affect the rights of the plaintiff in this action.

The plea is the general issue, and the notice under it is as follows:

"Take notice that upon the trial of this cause the defendant Sprague will show in his defense, under the general issue above pleaded, that the said several supposed causes of action did not, nor did any or either of them, accrue to the said plaintiff at any time within six years before the commencement of this suit."

At the close of the testimony the court directed a verdict in favor of the defendants, and plaintiff brings the case into this Court by writ of error.

The only remaining assignment of error is that the court erred in directing a verdict for defendants. This raises the principal questions in the case. It was admitted by the defendants that the court was in error in directing the verdict for the defendants, and that the plaintiff was entitled to a judgment for the last month's rent due on the lease, with interest. The defendants claim, however, that the other installments of the rent are barred by the statute within six years from the time when they each became due, the action being debt for rent; while the contention of the plaintiff is that the installments would not be barred until the lapse of ten years from the time each became due, and that, consequently, she is entitled to recover for any deficiency found due between the rent to be paid under the defendants' lease and what the premises were actually rented for to Fales & Co., with interest upon such deficiency.

It is claimed by defendants that the situation attendant upon the possession taken by the plaintiff operated either as an eviction or as an unconditional surrender by operation of law,—in neither case did rent accrue thereafter; that such eviction or surrender dated from November 2, 1877, when the keys were accepted; and that, at most, it could not be later than January, 1878, when Fales & Co. took possession.

The uncontradicted testimony in the case shows conclusively that there was neither an eviction nor an unconditional surrender. The defendants were in possession, by themselves and their assignees, to November 1, 1877, when the building was voluntarily abandoned and surrendered by them and their assignees. The plaintiff made no agreement to receive the building from them, and release them

from their obligation on the lease; and no claim of this kind is made, except from their claim that they had no notice that the plaintiff intended to hold them for the rent. As we have before stated, the leasing to Fales & Co. was for the benefit of the defendants themselves, and it did not amount in law to a release of the plaintiff's claim against them. In all cases of a leasing, to show a surrender, a mutual agreement between the lessor and the original lessee that the lease is terminated must be shown. It is absolutely essential that it should be clearly proved that the original lessee assented to the termination of the term, and that the lessor and lessee mutually agreed to a surrender of the term; and, that proven, the original tenant is no longer liable. *Lyon v. Reed*, 13 Mees. & W. 285.

The remaining question arises under the statute of limitations. How. Stat. § 8713 provides:

"The following actions shall be commenced within six years next after the cause of action shall accrue, and not afterwards; that is to say:

"1. All actions of debt founded upon any contract or liability not under seal, except such as are brought upon the judgment or decree of some court of record of the United States, or of this, or some other of the United States.

"2. All actions upon judgments rendered in any court other than those above excepted.

"3. All actions for arrears of rent," etc.

Plaintiff's counsel contends, however, that this action is one for debt on a sealed instrument, and is not affected by the provisions of the statute above cited, but may be maintained at any time within 10 years, under the provisions of section 8719, How Stat., which provides:

"All personal actions on any contract not limited by the foregoing sections, or by any law of this State, shall be brought within ten years after the accruing of the cause of action, and not afterwards."

In support of this proposition, counsel cites *Goodrich v. Leland,* 18 Mich. 110, and *Post v. Campau,* 42 Id. 94 (3 N. W. Rep. 272).

In *Goodrich v. Leland, supra,* the action was debt upon a note or contract under seal. This note or contract was given with a certain indenture of mortgage. The premises had been sold under the mortgage, and, after the death of the maker, the note or contract was presented to the commissioners on claims on his estate. More than six years had elapsed from the time it became due, and claim was made that it was barred by the six-years statute. It was held that, the action being debt on a sealed instrument, this statute (section 8713 ; section 5361, Comp. Laws of 1857) did not apply, and that the action could be maintained if brought within ten years, under the provisions of section 8719, How. Stat. (section 5367, Comp. Laws of 1857), and that section 7778, How. Stat. (section 4550, Comp. Laws of 1857) does not compel a party to resort to an action of *assumpsit* upon a sealed instrument. This section 7778 provides :

"In all cases arising upon contracts under seal, or upon judgments, when an action of covenant or of debt may be maintained, an action of *assumpsit* may be brought and maintained in the same manner in all respects as upon contracts without seal."

In *Post v. Campau, supra,* the action was brought to recover damages for the breach of covenant in a deed against incumbrances, under section 8719 (section 7154, Comp. Laws of 1871), above cited.

In *Dalton v. Laudahn,,* 30 Mich. 350, it was held that section 7778, above cited, applies to leases under seal ; that they fall within the meaning of the word "contract.'

In *Hogsett v. Ellis,* 17 Mich. 359, it was held that this statute authorizes, in actions of *assumpsit,* the joinder of

the common counts with special counts upon judgments, a count for use and occupation, a count upon a special contract to pay rent, and a special contract to purchase a house and lot.

In *Christy v. Farlin,* 49 Mich. 319 (13 N. W. Rep. 607), it was held that this section permits *assumpsit* to be brought where covenant might be maintained, but that section 8713 bars any action of *assumpsit* after six years; that it is the *form* and not the cause of action which fixes the bar, and the remedy elected is governed by the limitation appropriate to itself; and that a declaration in *assumpsit* upon the covenants of a deed cannot be treated as a declaration in covenant.

It is evident that subdivision 3, § 8713, How. Stat., is only intended to bar, within the six years, those actions for rent which are brought on leases by parol. A lease by indenture being equal to a specialty, action thereon, being contract under seal, would be governed by section 8719, and only barred by a period of ten years. See *Hodsden v. Harridge,* 2 Saund. 66.

In *Davis v. Shoemaker,* 1 Rawle, 140, the court, speaking of a similar statute, says:

"And this construction is, no doubt, in accordance with the actual intent of the legislature; for it would have been nugatory to protect the lessee from an action of debt, and leave him exposed to an action of covenant, clearly maintainable on the indenture, to which the statute does not extend."

Debt may be maintained upon contracts under seal whenever the demand is for a sum certain, or one which is capable of being readily reduced to a certainty. 1 Chit. Pl. (16th Amer. ed.) *121, note *p.* Debt and covenant are concurrent remedies for the recovery of any demand where there is an express or implied contract in an instrument under seal to pay it. 1 Chit. Pl. (16th Amer. ed.) *132, *133; *Hooper v. Shepherd,* 2 Strange, 1089.

It is contended by the counsel for defendants that, under the ruling of this Court in *Sigler v. Platt,* 16 Mich. 206, this subdivision of the statute cannot be limited to actions on parol leases. In the case above cited the action was brought in *assumpsit* to charge the defendant individually under a sealed instrument whereby he agreed to hold himself personally liable upon certain partnership demands. This Court held that the action, being in *assumpsit* upon an express agreement, is included within subdivision 4 of the section requiring all actions of *assumpsit* to be brought within six years. This principle is again laid down in *Goodrich v. Leland,* 18 Mich. 118, and *Christy v. Farlin,* 49 Mich. 319, it being the *form* of action, and not the cause of action, that fixes the bar.

Such a construction must be given these two statutes (subdivision 3, § 8713, and section 8719) that both may have force; and we think the intent of the Legislature was that all actions for rent under a parol lease must be brought, whether in *assumpsit* or debt, within six years from the time the action accrues; and that under section 8719 action might be brought in debt for rent upon indenture of lease at any time within ten years from the time such rent accrued. If, however, the action was brought in *assumpsit* for rent upon an indenture of lease, as permitted by section 7778, then the action would be barred in six years, as the form and not the cause of the action would fix the bar.

It follows that the judgment of the court below must be reversed, with costs, and a new trial ordered.

The other Justices concurred.