JOSEPH W. AVERY, FOR THE USE OF CORNELIUS AULT-
MAN ET AL., v. JOHN E. MILLER, IMPLEADED
WITH CHARLOTTE MONTROSS ET AL.

*Estates of deceased persons—Order for payment of debts—Adminis-*
*trator's bond—Statute of limitations.*

1. An administratrix failed to settle the estate or pay the debts
   within the time allowed in her order of appointment. An
   order was thereupon made by the probate court for the pay-
   ment by her of the claims allowed against the estate within 30
   days after service upon her of the order, which service was
   duly made; and it is held that the statute of limitations did
   not commence to run until after the expiration of the time
   limited in the order for such payment, and that the time when
   the debts outlawed against the estate did not concern a suit
   upon her bond to enforce such payment.

2. It is the *form,* and not the *cause,* of action, which fixes the bar
   of the statute of limitations; citing *Stewart v. Sprague,* 71
   Mich. 50.

   So *held,* where an action of debt was brought on the bond
   of an administratrix within ten years after the right of action
   accrued.

3. It is, in all cases, the duty of sureties to see that their principal
   fulfills the obligation of the bond, and the creditor is not
   obliged to sue sooner than within the time limited by the
   statute.

Error to St. Clair. (Canfield, J.) Argued May 8,
1890. Decided May 16, 1890.

Debt on administratrix bond. Defendant Miller, a
surety, brings error. Affirmed. The facts are stated in
the opinion.

*Chadwick & Wood,* for appellant, contended:

1. Plaintiffs, having procured an order limiting the time for the
   payment of debts, must be held bound thereby, and to have
   full notice thereof in all essentials as to the remedy, and as to

the operation of the statute of limitations, and they are bound precisely as if the administratrix had procured the order, and given notice under How. Stat. §§ 5930, 5931.

2. Strictly speaking, the action on the bond ought to be limited to two years after procuring such order by the plaintiffs; but, waiving the question of the right to insist upon this limitation, the right of action upon the personal liability of the administratrix on her bond arose on and continued after May 5, 1878, the expiration of the time limited for the payment of the claim of the plaintiffs. By electing to pursue this personal remedy, plaintiffs abandoned any claim against the estate and its assets.

3. The bond is not for a liquidated sum, and of and by itself actionable, or containing the evidence of a liquidated debt, but is a conditional and collateral instrument securing the payment of such debts as might accrue, and so long as they survived, when once ascertained and adjudicated. It ceased to be of any force or validity when these debts ceased to be enforcible; citing *Biddle v. Wendell*, 37 Mich. 452, 454; *Hoffman v. Beard*, 32 Id. 218.

*Frank T. Wolcott*, of counsel, for appellant.

*George P. Voorheis*, for plaintiff, contended for the doctrine stated in the opinion.

MORSE, J. This is an action in debt upon the bond of Charlotte Montross, administratrix of the estate of James Montross, deceased.

Charlotte Montross was appointed administratrix August 17, 1874. Commissioners on claims were also appointed. They filed their report May 10, 1875. The parties for whose benefit this suit was instituted were allowed claims amounting to $149.52. The report of the appraisers filed October 2, 1874, showed about $2,800 of personal property in the hands of the administratrix at that date. August 17, 1874, an order was made by the probate court, limiting the time for the payment of the debts to one year and six months. The administratrix never filed any account in the probate court.

December 24, 1877, the plaintiff creditors filed a peti-

tion in the probate court for an order directing the administratrix to pay the debts of the estate. She was ordered on such petition to show cause February 4, 1878, and on that day the probate court made an order that she pay the debts within 30 days after service upon her of said order. This order was duly served upon her April 5, 1878. Failing to make payment as required by this order, a petition was filed May 13, 1878, for leave to sue her bond for the non-payment of said debts. Due notice was given the administratrix and sureties upon the bond, and hearing was had upon this petition June 3, 1878, on which day an order was entered in said probate court granting leave to sue on the bond.

The declaration in this cause was filed October 12, 1885. Service was had on the administratrix the same day, and on Miller, October 15, 1885. An amended declaration was filed by stipulation, May 17, 1889. This amended declaration is identical with the original, except that it adds new creditors and additional debts. The defense interposed is the statute of limitations. The circuit court of St. Clair county, in which the suit was tried, overruled this defense, and gave judgment for plaintiff.

It is claimed by defendant Miller, one of the sureties on the bond and the only person defending in this Court, that August 17, 1874, the date of the order limiting time in which to pay debts, the statute of limitations began to run against these claims, and under such contention more than 10 years had elapsed before the commencement of this suit; and that if it is found that the statute did not commence to run until June 3, 1878, the date of the order granting leave to sue on the bond, more than six years had passed before this suit was begun, and that the debts or claims would be outlawed in six years from said 3d of June, 1878. We are of the opinion that the statute

did not commence to run against the administratrix and the sureties on her bond until May 5, 1878, the date when she failed to comply with the order of the court fixing that day as the limit within which she should pay the debts. The time when the debts outlawed against the estate of her husband does not concern this suit. Her liability was fixed when she refused or neglected to comply with this order. *Palms' Appeal*, 44 Mich. 637.

The suit was commenced in time, and within 10 years. The action is laid in debt, and it is the form of the action, and not the cause of action, that fixes the bar of the statute of limitations. See *Stewart v. Sprague*, 71 Mich. 50, and cases there cited. It is contended that it would be a great injustice to permit the creditors to wait over seven years before commencing suit on the bond, allowing the administratrix in the mean time to squander or use up the property of the estate. There is no injustice done by this holding in the present case. It is, in all cases, the duty of the bondsmen to see that their principal fulfills the obligation of the bond, and the creditor is not obliged to sue sooner than within the time he is barred by the statute. And here the sureties had notice June 3, 1878, that the administratrix was in default, and that her bond would be looked to for the amount of these debts, if not otherwise taken care of. If the sureties have lost anything by this delay, they are responsible for it.

Judgment of the court below is affirmed, with costs.

The other Justices concurred.