STRINGER *v.* STEVENS' ESTATE.

1. LIMITATION OF ACTIONS—IMPLIED CONTRACT—ANNUITY—CHARGE ON LAND.
   Where land is devised subject to an annuity in favor of the testator's widow, a claim against the estate of the devisee for unpaid installments of the annuity, upon the implied contract arising from his acceptance of the devise, is barred by the statute of limitations relating to implied contracts.

2. SAME—FORM OF ACTION.
   The form of action and not the cause of action determines whether an action is barred by limitations.

3. ANNUITIES—UNPAID INSTALLMENTS—INTEREST.
   Interest is allowable upon unpaid installments of an annuity charged upon land for the support of the testator's widow.

4. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUFFICIENCY.
   Where, on the trial of a claim against an estate, there were but two questions litigated, viz., that limitations had run against the claim and no recovery could be had, and that if the claim should be allowed it should not bear interest, an assignment that the court erred in directing a verdict in favor of claimant for the amount claimed is sufficiently specific.

Error to Oakland; Smith; J.  Submitted May 1, 1906. (Docket No. 128.)  Decided October 29, 1906.

Marshall L. Stringer, administrator de bonis non of the estate of Fanny Stevens, deceased, presented a claim against the estate of Thomas Stevens, deceased, for the payment of certain annuities.  The claim was disallowed by the commissioners, and claimant appealed to the circuit court.  There was judgment for claimant on a verdict directed by the court, and defendant brings error. Affirmed on condition.

*James H. Lynch,* for appellant.

*Thomas A. Conlon,* for appellee.

McALVAY, J. The appellee, Marshall L. Stringer, administrator de bonis non of the estate of Fanny Stevens, presented a claim against the estate of Thomas Stevens to recover the sum of money bequeathed to said Fanny Stevens by her husband, Willis Stevens. Willis Stevens died testate June 7, 1887, and by the second paragraph of his will made the following provision for his wife:

"*Second.* I give, devise and bequeath to my beloved son Thomas Stephens, the following described real estate to wit: [giving description] in Milford, Oakland county, State of Michigan, to him, his heirs and assigns forever, together with all the personal property left by me upon said farm, upon this express condition, that he furnish my beloved wife, Fanny Stevens, all her necessary fire-wood, prepared for the stove, together with all such products of said farm, including flour, meats, fruits, vegetables, butter and eggs that she shall require for her comfortable support, all to be delivered to her home in Milford, together with the sum of one hundred dollars in money yearly, so long as she may live, all the above to be and remain a lien upon said described farm, as long as my said wife shall live."

This claim was for the money provided by this clause. The delivery of the produce was conceded. Thomas Stevens, the son, took possession of the land so devised to him under the conditions expressed, and continued to occupy them during his lifetime. Fanny Stevens continued to live at the home in Milford, and died there February 28, 1897, intestate. Her daughter, Mary J. Crippen, was appointed administratrix in May, 1897. On January 16, 1899, her final account was filed, and the estate on hand was distributed among the heirs. Thomas Stevens received his share. Thomas Stevens died intestate April 9, 1903. The appellee in the case at bar was appointed administrator de bonis non of the estate of Fanny Stevens, deceased, August 3, 1903, and as such filed this claim against the estate of Thomas Stevens, deceased. A judgment was rendered upon a verdict directed by the court in favor of said Marshall L. Stringer, administrator, in the circuit court for Oakland county,

against the estate of Thomas Stevens, for the full amount of the claim, with interest.   The administrator of said estate requests this court to reverse said judgment, upon the ground that the trial court erred in directing a verdict in favor of plaintiff for the sum of $1,554.13.

Appellant contends:

1. That this entire claim is barred by the statute of limitations.

2. That if the statute of limitations is not a bar, claimant plaintiff was not entitled to interest upon the annual payments, and the verdict is excessive, and should have been for $900.

We must determine from the context of that part of the will under consideration the conditions of the devise and bequest accepted by Thomas Stevens.   Provision is made for the comfortable support and maintenance of the widow during her natural life by furnishing fuel for household purposes, food to eat, and money annually.   The evident intent of the testator was to make certain, by specific statement, the character and extent of the provision made for the widow, and to secure the performance of that expressed intention by making all the above provision a charge upon the premises devised.   It is admitted that, where the devisee accepts property charged with the payment of an annuity, he becomes liable for the payment of such annuity, and an action can be maintained for the same.   2 Am. & Eng. Enc. Law (2d Ed.), p. 399; *Gridley* v. *Gridley*, 24 N. Y. 130; *Fuller* v. *McEwen*, 17 Ohio St. 288.

In this case it is not sought to enforce the lien against the land, but the claim is presented against the estate of the devisee as a personal obligation against him.   Therefore it is not necessary to determine or discuss the question as to the extent to which the property made a security for this annuity was chargeable with it, and construe the last clause of this paragraph of the will, "all the above to be and remain a lien upon said described farm *as long as my said wife shall live.*"   The authorities

cited by counsel appear to hold that the personal responsibility of the devisee arises on account of an implied promise to pay the annuity, having accepted the devise on that condition. The question of the statute of limitations in this case must then be considered as being applied to a case of an ordinary action upon an implied contract, unless there appears, upon reason or authority, or both, ground for holding otherwise, because this is an annuity created by the provisions of a will. If claimant in a proper forum was seeking to enforce the lien upon the land, we have no hesitancy in declaring that the rule of limitations applying to mortgages would control.

Although the annuity granted may be said to have been in lieu of dower, and was made a charge upon the real estate devised, the representative of the estate of the widow in this case is proceeding upon the theory that this is a personal demand against the estate of the son, arising upon an implied contract, and makes claim for it as such, not against a fund arising from a sale, but against the body of the estate. The authorities recognize a distinction between an action founded upon and created by a will or other specialty and one which, although incident to a specialty, yet rests upon an express or implied promise. In the former instance the statute invoked does not apply, while in the latter it does. Wood on Limitations (3d Ed.), § 35, and notes.

The many cases cited and relied upon by claimant in support of the contention that this statute of limitations does not apply are cases brought to enforce the charge upon the real estate devised or granted, or against a fund arising from a sale of land, or where an express trust has been created, or upon a specialty, or by some proceeding other than an action upon an implied promise to pay. Attention is again directed to the fact that this claim is based upon the *implied promise* of Thomas Stevens, and therefore is distinguishable from the cases relied upon by claimant.

We think the case at bar may be said to be analogous

to a case where a promissory note is given, secured by a mortgage on real estate. If suit is brought on such note, the statute of limitations applying to promissory notes may be pleaded in bar of such action; but the fact that the statute has run against such a note does not destroy the lien of the mortgage, and if the party had elected his remedy by proceedings to foreclose his mortgage to satisfy the amount of indebtedness represented by the same note, he could have enforced his lien at any time within the limitations of the statute applying to mortgages. *Michigan Ins. Co.* v. *Brown,* 11 Mich. 265, and cases cited.

While it is true that the widow during her lifetime did not waive her lien upon the land charged with her annuity, yet she might have done so, and brought suit in assumpsit against her son, upon his implied promise, for each installment as it fell due, if not paid. Therefore her representative, beginning such suit upon the implied promise, and not claiming anything by reason of the lien, cannot claim any greater rights than his decedent would have had in a like proceeding.

We must conclude that the statute of limitations must be applied as in the case of an ordinary action upon an implied contract. The form of action, and not the cause of action, must determine whether the claimant's action is barred. *Christy* v. *Farlin,* 49 Mich. 319; *Stewart* v. *Sprague,* 71 Mich. 50; *Avery* v. *Miller,* 81 Mich. 85. To determine whether the claim, or any part of it, is barred by the statute, it is necessary to compute the time which has elapsed since the right of action arose. The testator, Willis Stevens, died June 7, 1887. The first annual payment of money was due his widow June 7, 1888. A payment became due on June 7th of each year thereafter, to and including June 7, 1896. The widow died February 28, 1897. From the time of her death the running of the statute was suspended until May 31, 1899 —two years after the appointment of her administrator. Section 9737, 3 Comp. Laws; *Field* v. *Loveridge,* 114 Mich. 220. From that date the statute would run until

the death of Thomas Stevens, April 9, 1903. This claim was filed in August, 1903. At the time of the widow's death three of the payments due and unpaid for more than six years had become barred by the statute. Against the other payments, respectively, the statute had run as follows: fourth, 5 years, 8 months, 21 days; fifth, 4 years, 8 months, 21 days; sixth, 3 years, 8 months, 21 days; seventh, 2 years, 8 months, 21 days; eighth, 1 year, 8 months, 21 days; ninth, 8 months, 21 days. Adding to each of these periods the time elapsed from May 31, 1899, to April 9, 1903 (3 years, 10 months, 9 days), we find that all but the eighth and ninth payments were barred by the statute. For these two payments and interest claimant was entitled to recover. According to the computation presented by claimant, which is not questioned, this at the time of the trial amounted to the sum of $301.14.

It is urged that interest on this claim should not have been allowed. The authorities are in conflict upon the question of the allowance of interest upon arrearages of annuities. Where the annuity has been for the support and maintenance of a wife or child, interest has usually been allowed. The weight of the English authorities holds to this effect. *Newman* v. *Anling*, 3 Atk. 579; *Litton* v. *Litton*, 1 P. Wms. 541. In general, it may be said that in other cases interest is not allowed. In the United States the cases where interest has been allowed are all cases of the kind referred to, where the annuity was for support of widow or child and a lien upon the land devised. Some of these cases hold that the allowance of interest for arrearages of an annuity is discretionary where it is for the support of widow. *Beeson* v. *Elliott*, 1 Del. Ch. 368; *Addams* v. *Heffernan*, 9 Watts (Pa.), 529.

The entire amount of the claim is for payments of the amounts provided by the will to be annually made to Fanny Stevens, together with interest thereon. Upon these unpaid installments she during her lifetime should have been allowed interest, and we know of no reason why the claim should cease to bear interest upon her

death.    The money was due to the widow annually.    We think it but justice to require the legal rate of interest to be paid by the devisee in default, who was in the enjoyment of the estate upon which this claim was so charged.    It is true that nearly all the authorities cited as in favor of allowing interest in these cases are chancery cases, where an enforcement of lien is sought.    We think the same rule should apply in a case at law where the lien is waived, and recovery sought of the devisee or his estate upon an implied promise.

It is insisted that the assignment of error is not sufficiently specific, and does not comply with the rule. There were but two questions in the case, both of which were presented fully to the court below.    These were, that the statute had run against the claim, and no recovery could be had; and that if the claim was allowed it should not bear interest.    We think the assignment under the circumstances sufficient.

Our conclusion is that the court was in error in instructing the jury to find for claimant the entire claim, with interest.    The instruction should have been for the amount above specified.    The judgment may stand for that amount, with costs to appellant, provided the balance is remitted by claimant; otherwise the judgment is reversed, and a new trial granted.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.