HURST *v.* CHARRON.

1. LIMITATION OF ACTIONS—COMMENCEMENT OF PERIOD.

The statute of limitations as to personal actions runs from the
time the cause of action accrues and the form of action is no
longer material (3 Comp. Laws 1929, § 13976).

2. PRINCIPAL AND SURETY—SHERIFF'S BOND—ACTION.

Recovery may not be had against surety on sheriff's bond unless
the sheriff was liable.

3. SAME—STATUTE OF LIMITATIONS—JOINDER OF PARTIES.

Joinder of surety on sheriff's bond as defendant to action against
sheriff for false imprisonment does not have the effect of toll-
ing the statute of limitations against the sheriff.

4. SAME—DEFENSES AVAILABLE TO SURETY.

Joinder of surety as defendant to action against the principal
renders any defense available to latter available to surety.

5. OFFICERS—OFFICIAL BONDS.
   A bond of a public officer creates no obligation in itself but is a collateral contract to furnish security against neglect of duty or dishonesty of the officer.

6. SHERIFFS AND CONSTABLES—STATUTE OF LIMITATIONS—FALSE IMPRISONMENT.
   The two-year statute of limitations applicable to cause of action arising from alleged false imprisonment by sheriff bars action against him and surety on his official bond (3 Comp. Laws 1929, § 13976, subd. 3).

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 10, 1934. (Docket No. 81, Calendar No. 37,741.) Decided June 4, 1934.

Action by Peter Hurst against Adolph Charron, Sheriff of Muskegon County, and Michigan Surety Company, a corporation, surety, for alleged breach of conditions of a sheriff's bond. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Harry D. Reber* and *C. A. Broek,* for plaintiff.

*Joseph T. Riley,* for defendant Charron.

*Shields, Silsbee, Ballard & Jennings (Louis H. Osterhous,* of counsel), for defendant Michigan Surety Company.

POTTER, J. Plaintiff sued defendant Charron and the surety on his official bond, alleging defendant Charron was the sheriff of Muskegon county and Michigan Surety Company the surety on his official bond; that plaintiff was falsely imprisoned by the sheriff and is entitled to maintain an action against the former sheriff and the surety on his bond, for the damages arising from such false imprisonment. From a judgment for defendant, by

direction of the court, plaintiff appeals. Plaintiff was discharged by the sheriff April 11, 1931. Suit was commenced April 12, 1933, two years and one day after plaintiff's discharge. The court directed a verdict upon the ground plaintiff's cause of action was barred by the statute of limitations.

Section 13976, 3 Comp. Laws 1929, provides:

"All actions in any of the courts of this State shall be commenced within six years next after the causes of action shall accrue, and not afterward, except as hereinafter specified: *Provided, however,*

"1. That * * * actions founded upon bonds of public officers * * * may be brought at any time within ten years from * * * the time when the cause of action accrued on such bond. * * *

"3. Actions against sheriffs for the misconduct or neglect of themselves, or their deputies * * * for false imprisonment * * * shall be brought within two years from the time the cause for action accrues, and not afterwards."

This suit is brought upon the sheriff's bond, given in pursuance of 1 Comp. Laws 1929, § 1324, conditioned: 1. If the said Adolph Charron shall well and satisfactorily in all things conduct the office of sheriff of the said county of Muskegon during his continuance in office; and 2. Shall pay over all moneys that may come into his hands as such sheriff;—then the above obligation to be void, otherwise to remain in full force.

Plaintiff claims that having brought suit against the surety upon the bond, the form of action, not the cause of action, governs the running of the statute of limitations (3 Comp. Laws 1929, § 13976); that the 10-year limitation, instead of the two-year limitation, applies. He relies upon *Christy* v. *Farlin,* 49 Mich. 319; *Stewart* v. *Sprague,* 71 Mich. 50; *Avery* v. *Miller,* 81 Mich. 85; *Stringer* v. *Stevens'*

*Estate,* 146 Mich. 181 (8 L. R. A. [N. S.] 393, 117 Am. St. Rep. 620, 10 Ann. Cas. 337).

In *Christy* v. *Farlin, supra,* plaintiff sued in assumpsit,—not in debt or for breach of covenant,—to recover damages arising from a breach of a covenant in a deed. The court held the statute of limitations applicable to assumpsit, rather than debt or for breach of covenant applied.

In *Stewart* v. *Sprague, supra,* plaintiff sued in debt,—instead of assumpsit,—upon a lease under seal. Verdict was directed for defendant on the ground the action was barred by the six-year statute of limitations applicable to assumpsit, but this judgment was reversed, the court holding the action being on a contract under seal, might be brought within 10 years.

In *Avery* v. *Miller, supra,* an action of debt was brought on an administrator's bond,—instead of assumpsit,—and it was held the 10-year statute applied.

In *Stringer* v. *Stevens' Estate, supra,* a claim was presented against an estate to recover for an annuity made a lien upon land, instead of to enforce the lien against the land. The court held the case analogous to assumpsit on a note secured by a real estate mortgage.

In all these cases it was held it was the form of action and not the cause of action which governed the running of the statute of limitations.

Actions of covenant and debt were long since abolished and assumpsit substituted therefor. 3 Comp. Laws 1929, § 14007. The statutes of limitation in force when these cases were decided have been superseded, so far as applicable here, by 3 Comp. Laws 1929, § 13976. Act No. 314, Pub. Acts 1915, provides all personal actions shall be commenced within six years next after the cause of

action shall accrue, except as specified in 3 Comp. Laws 1929, § 13976. The exceptions are consecutively numbered, and

1. Actions founded upon bonds of public officers may be brought within 10 years from the time when the cause of action accrued upon such bonds.

3. Actions against sheriffs for the misconduct of themselves or their deputies or for false imprisonment shall be brought within two years from the time the cause of action accrues and not afterwards.

We are governed by the statute in force, which fixes the running of the statute of limitations from the time the cause of action accrues. The form of action is immaterial. The question is when plaintiff's cause of action accrued. It accrued April 11, 1931; against the sheriff of the county of Muskegon; by reason of the sheriff's misconduct in office,—the alleged false imprisonment of plaintiff. In addition to the above cases, plaintiff relies upon *People, ex rel. Doran,* v. *Butler,* 74 Mich. 643, and *First National Bank of Paw Paw* v. *Moon,* 243 Mich. 124.

In *People, ex rel. Doran,* v. *Butler, supra,* action was brought upon the bond of a notary public to recover damages by reason of his having made a false notarial certificate. It was held the action was maintainable against the surety upon his notarial bond without joining the principal. The question determined was whether the false notarial certificate was or was not the proximate cause of plaintiff's injury. The statute of limitations was not involved. Plaintiff argues from that case that this, being an action on the sheriff's official bond, may be commenced at any time within 10 years from the time the cause of action accrued, and in this suit it is not necessary to join the sheriff at all, and hence the 10-year statute of limitations governs. In *People, ex rel. Doran,* v. *Butler, supra,* no action

for damages was instituted against the principal. The suit was brought against the surety upon the bond to recover damages for the principal's false certificate.     The question was disposed of solely upon the proposition that the notary's false certificate was the proximate cause of plaintiff's injury.

In *First National Bank* v. *Moon, supra,* suit was brought against defendant drain commissioner and the surety upon his bond, to recover the value of drain orders alleged to have been fraudulently issued by the drain commissioner. The orders involved matured March 15, 1921. It was held the case was governed by the 10-year statute of limitations.

None of the cases relied upon by plaintiff govern this. Clearly, there could be no recovery against the surety on the sheriff's bond unless the sheriff was liable. The sheriff had a complete defense to liability,—the statute of limitations. Had suit been timely brought against the principal,—the sheriff, —and his liability established, it is probable suit against the surety on his bond could have been brought within the 10-year period. Joining the surety on the bond could not have the effect of tolling the statute of limitations against the principal. It could not recreate legal liability which had been once discharged by the statute of limitations. Where a surety is joined as defendant with the principal on an official bond, ordinarily any defense available to the principal is available to the surety. These principles, though elementary, are discussed and the cases cited in 50 C. J. p. 194 where it is said:

"While a surety may ordinarily avail himself of any defense which his principal may have, except those purely personal to the principal, if the principal has waived or precluded himself from making a defense, such defense is not available to the sure-

ty. Failure of a principal to offer a defense in an action against him to which the surety was not made a party will not prevent the surety, in a subsequent action against principal and himself, from setting up any defense his principal could have made. Generally, a surety cannot set up the defense that the contract is invalid if the principal could not."

In *Biddle* v. *Wendell*, 37 Mich. 452, where suit was brought against an administrator and the sureties upon his bond, it was said:

"The bond can have no separate and independent force. It belongs to the administration proceedings. Apart from them it cannot supply a cause of action, and if the liability which is made the ground of action upon it was itself barred then the bar must apply to this action on the bond to enforce that liability."

"A bond or undertaking of a public officer creates no obligation in itself, but is in the nature of a collateral contract, simply furnishing a security against the neglect of duty or the dishonesty of the officer." *Oregon* v. *Davis*, 42 Ore. 34 (71 Pac. 68).

"The bond does not give the cause of action; the wrongs or delicts do, and the bond simply furnishes security to indemnify the persons who suffered by reason of such wrongs or delicts." *Ryus* v. *Gruble*, 31 Kan. 767 (3 Pac. 518).

In *County of Lenawee* v. *Nutten*, 234 Mich. 391, both the majority and the minority opinions hold the two-year statute of limitations governs in actions for misconduct or neglect of a sheriff or his deputy. The same rule applies to actions for alleged false imprisonment.

Judgment affirmed, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.