# Montgomery's Appeal.

1. Bowen authorized his real estate in Jamaica to be sold by his executors, who were his wife and Montgomery; he gave her a life-estate in the land or its proceeds, and after her death a life-estate to his sister, the wife of Montgomery, with remainder over. The wife died in 1849, and by her will directed the repayment to the Jamaica estate of "moneys received from the sale of land belonging to the estate, which moneys have been used in the management of the estate." The money was paid to Montgomery as surviving executor in 1851. He died in 1855, leaving all the estate to his wife; upon its distribution in 1872: *Held*, that Montgomery had received the money as executor of Bowen, and as proceeds of his real estate, and the remaindermen were entitled to receive it in preference to his wife.

2. By his will Bowen directed the proceeds of the sale of the land to be invested; Montgomery did not invest, his wife being entitled to it for life: *Held*, there were no laches in the remaindermen in not claiming sooner than at the distribution, although they had been aware of Montgomery's breach of trust.

February 5th 1875.    Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Orphans' Court of *Philadelphia:* Of January Term 1873, No. 91½.

This appeal was by the executors, &c., of Isabel B. Montgomery, deceased, from that part of the decree reported in the preceding case (Pleasants' Appeal), which confirmed the report of the auditor awarding to Pleasants any part of the balance in the hands of the administrator, &c., of Austin Montgomery, deceased. That case contains all the material facts of this. The sum awarded to Pleasants, as administrator, &c., of John Bowen (Peacock) and George W. Peacock, as stated in the preceding case, was made up as follows :

The amount paid the decedent under the direction of
Martha P. Bowen's will                                   $2497.68
Interest from December 16th 1865 to February 16th
1872, ten days after the date of the auditor's report     924.14

                                                   - $3421.82

After exceptions, the Orphans' Court confirmed the report.

The appellants assigned thirty errors, which involved the following points :

1. That the fund did not arise from the sale of the land in Jamaica ordered to be sold, and therefore the decedent was not liable as trustee for the money.

2. The fund was properly applied to the repair of the Jamaica estate.

3. The claims were barred by lapse of time.

4. In any view the sum awarded was too great ; the amount paid to the decedent by Mrs. Bowen's executors, including in-

[Montgomery's Appeal.]

terest from her death till the death of Isabel B. Montgomery, who as life-tenant of the land in Jamaica, was entitled to the interest of the proceeds during her life.

*G. M. Dallas* and *P. McCall* (with whom was *J. Sword*), for appellants.—The estate in Jamaica being wholly unproductive, the decedent as executor had the right to repair for the preservation of the inheritance, it having been damaged by a previous tenant: Caldecott *v.* Brown, 2 Hare 144; Dunne *v.* Dunne, 3 Sm. & G. 22; Sharshaw *v.* Gibbs, 1 Kay 333; Dent *v.* Dent, 30 Beav. 363. . As to the bar by lapse of time—the parties acquiesced: Brice *v.* Stokes, 11 Ves. 326; Pickering *v.* Stamford, 2 Ves. Jr. 583; Simpson's Estate, 1 Phila. R. 300.   The claimants slept too long on their rights: Hercy *v.* Dinwoody, 2 Ves. Jr. 89; Smith *v.* Clay, 3 Brown's C. C. 639 n.; Gress's Appeal, 2 Harris 463; Calhoun's Appeal, 3 Wright 225; Ashhurst's Appeal, 10 P. F. Smith 316.   Public policy requires the discouragement of stale claims: Jones *v.* Tuberville, 2 Ves. Jr. 14; Ellison *v.* Moffatt, 1 Johns. Ch. R. 46; Gregory *v.* Gregory, Cooper 201; Bonny *v.* Rigard, 1 Cox 145, although claimants may be remaindermen; Andrew *v.* Wrigley, 4 Brown's C. C. 125; Harrison *v.* Hollins, 1 Sim. & Stu. 240; McDonald *v.* Harding, 7 Sim. 178; Brown *v.* Cross, 14 Beav. 105; Smilie *v.* Biffle, 2 Barr 52; Hassler *v.* Bitting, 4 Wright 68.

*R. McGrath* (with whom was *S. Hood*), for appellee, as to the effect of the lapse of time cited: Keen's Appeal, 10 P. F. Smith 504; Harper's Estate, 1 Brewster 478; Summerville *v.* Holliday, 1 Watts 507; Foulk *v.* Brown, 2 Watts 209; Price's Appeal, 4 P. F. Smith 485; Jackson *v.* Stiles, 4 Johns. R. 490; Barton *v.* Dickens, 12 Wright 522.

Mr. Justice SHARSWOOD delivered the opinion of the court, March 1st 1875.

By his last will and testament, dated November 20th 1832, the testator, John Bowen, appointed his wife, Martha P. Bowen, executrix, and his brother-in-law, Austin Montgomery, executor, and authorized and empowered them, and the survivor of them, whenever they, or the survivor of them, at any time before his son should attain the age of twenty-one, should think it expedient so to do, to sell his real and personal estate and property in the island of Jamaica, either at public or private sale, and directed them, in case of such sale, to invest the proceeds.   In the said property, or the proceeds of such sale, he devised and bequeathed to his said wife a life-estate, with remainder to his children; and in the event which happened of their death unmarried, and without issue, before the age of twenty-one, then to his sister, Isabel B. Montgomery,

wife of Austin Montgomery, for her own use during her life, and upon her death to his half brothers, Ralph W. Peacock and George S. Peacock, absolutely in fee. He made his wife his residuary legatee. There was no direct evidence of any sale under the provisions of the will, but Mrs. Martha P. Bowen, the executrix named, died July 15th 1849, having first made her last will, in which was the following clause: "I direct that so much of my 6 per cent. bonds of the city of Cincinnati, as may be necessary for the purpose, be sold, and the proceeds thereof to be applied as a repayment to the Bowen Hall estate, in the island of Jamaica, for certain moneys received from the sale of land belonging to the estate, and which moneys have been used in the management of said estate." In pursuance of this direction, her executor afterwards paid to Austin Montgomery, surviving executor of John Bowen, $2929.61, of which $431.93 was afterwards refunded to meet claims against the estate of Mrs. Bowen, leaving the sum of $2497.68, which, with interest, is the amount awarded below to the appellees, who are the representatives of Ralph W. Peacock and George S. Peacock. Austin Montgomery died in 1855, having first made his last will and testament, by which he devised and bequeathed his whole estate to his wife, Isabel B. Montgomery, and appointed her the executrix. She never filed an inventory, nor settled any account of her husband's estate. She died in 1865, having left a will, in which the appellants were named as executors. By subsequent proceedings, which it is unnecessary to recite, it was found that Mrs. Isabel B. Montgomery had received from her husband's estate an amount sufficient to meet the claims of the appellees for this and other sums. After a controversy in regard to the will of Mrs. Montgomery was finally decided, letters testamentary were issued to the appellants, July 17th 1866. They filed their account April 21st 1868, which was referred to an auditor, before whom the appellees appeared by counsel, and made claim to the sum now in controversy. This is a succinct statement of the facts so far as material to the question involved in this appeal.

It is very clear that the amount received by Austin Montgomery, under the provision of the will of Mrs. Bowen, before referred to, was received by him in his character as surviving executor of John Bowen, and was held by him in trust for the purposes of his will. It did not lie in his mouth to say that it was not the proceeds of a lawful sale by the executors. Even if this had been the fact, it would not have altered the case. He received it as bequeathed by the will, "as a repayment to the Bowen Hall estate, in the island of Jamaica, for certain moneys received for the sale of land belonging to the estate." He took it, therefore, upon that footing—impressed with the trust—however, in truth, the money may have come to the hands of the testatrix. Nor can

[Montgomery's Appeal.]

it be pretended that Mrs. Bowen, as life-tenant, had any right to use such proceeds in the management of the estate. She honestly recognised that they had been misapplied by her, and therefore directed them to be repaid to the estate.

It only remains then to inquire whether the appellees have been guilty of such laches as should preclude them in a court of equity from now advancing this claim.

Mrs. Isabel B. Montgomery was the life-tenant of the fund under the will of John Bowen, and the appellees, as remainder-men during her life, had no right to any part of it. Concede that they knew, or might have known, that there had been a breach of trust in Austin Montgomery in not investing it as directed by the will, Mrs. Montgomery was entitled to the interest for life; and supposing the principal to have been paid, or given to her by her husband, all that they could have done was to demand an inventory and security. If they were satisfied, either with Austin Montgomery or Mrs. Montgomery, as fully able to respond in their estate when the time should arrive, they had a perfect right to remain quiescent. They needed no further security. They made their claim as soon as they could do so with effect. We see no laches whatever which ought to bar them.

There is undoubtedly an error in the decree in not deducting from the amount the interest on $2639.32, from the date of Mrs. Bowen's death, July 15th 1849, to the date of its payment, May 21st 1851, to which Isabel B. Montgomery, as life-tenant, was of course entitled. For this error the decree must be reversed and the record be remitted, in order that the final award of distribution may be corrected accordingly.

> Decree reversed and record remitted, that the award of distribution may be corrected according to this opinion. Each party to pay their own costs of this appeal.