## Cooley, Appellant, *v.* Houston.

*Equity—Real property—Partition—Wills—Intestacy—Election —Disappointed party—Compensation.*

A testator owning but an undivided half of a tract of land devised the whole tract in unequal shares to his children, who were entitled to the other half under the intestate laws as heirs of testator's co-owner. Certain of the children elected to take under the intestate laws their share in the half which testator did not own, whereby the others received less than they would have received had such children elected to take under the will. Those who elected to take under the intestate laws sued in equity for a partition of the whole property, a part of which was in the possession of the child who had not elected to take under the intestate laws, and who was made defendant. The lower court decided that to the extent that such child was injured by the plaintiff's election to take against the will he was entitled to compensation out of the estate devised to them; and found, upon evidence, that it would take more than all of the land devised to plaintiffs, to compensate such child for his disappointment and that he could not be compensated if partition were decreed. *Held,* the court did not err in dismissing the bill.

Argued Oct. 6, 1914. Appeal, No. 39, Oct. T., 1914, by plaintiffs, from decree of C. P. Lawrence Co., March T., 1908, No. 4, in equity dismissing bill in equity for partition and for accounting in case of Polly Permelia Cooley, Margaret Shoaff, Silveretta Ramsey, Elizabeth M. Houston, Delilah Ann Brown and Hamilton Clark

1915.]      Assignment of Error—Opinion of the Court.

v. William D. Houston, John Clark, George Clark and Eliza Trask.    Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Bill in equity for partition.   Before PORTER, P. J.

The facts appear in Cooley v. Houston, 229 Pa. 495, and in the opinion of the Supreme Court.

The court dismissed the bill.   Plaintiffs appealed.

*Error assigned,* among others, was the decree of the court.

*C. H. Akens,* of *Akens, Wilkison, Lockhart & Chambers,* with him *J. Norman Martin,* of *Martin & Martin,* for appellants.

*Richard F. Dana,* with him *S. W. Dana,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, January 11, 1915:

This case has been in the court below and in this court since 1908, and we are all of the opinion that the litigation should not be prolonged by remanding it for further proceedings below.   It may be conceded that the decree could be reversed for technical reasons, but a thorough examination of the whole record convinces us that justice has been done between the parties and that if the technical rules of procedure in such cases were enforced and the case was reheard by the learned chancellor the conclusion reached by him and now under review here would not be materially changed. We are, therefore, not disposed to disturb the decree.

When the case was here before, 229 Pa. 495, we gave it most careful consideration, and determined all the questions raised on the record.   We agreed with the chancellor in holding that under the pleadings the plaintiffs were entitled to a partition of the premises, but were of opinion that he committed error in holding they

were entitled to take their interest in James's undivided half of the estate and also an interest under their father's will without compensating William to the extent of his disappointment occasioned by the election of his sisters to take under the intestate laws as heirs of their brother, James. For this reason we reversed the decree and awarded a procedendo. A remittitur having been filed in the court below, William D. Houston, the defendant, very properly filed an amended answer so that the case could be heard and decided in accordance with the law announced in our opinion. The learned chancellor filed an exhaustive opinion in which he has found the facts and stated the law, and concluded that under the peculiar circumstances of the case the court should dismiss the bill. He found the value of the 62 acres and 100 acres, respectively, and his finding is supported by the evidence. In the opinion disposing of the former appeal it is said: "To the extent that he (William) is injured by their (the plaintiffs') election to take against the will he is entitled to compensation out of that portion of the estate which was devised or bequeathed to the plaintiffs." The learned chancellor found that it would take more than all of the land devised to the plaintiffs by their father to compensate William for his disappointment. We are satisfied that this is true under the evidence, whether compensation should be made as of the death of Hamilton Houston in 1902 or in 1908 when the plaintiffs made their election. The equities of the case, as clearly pointed out by the learned chancellor, are entirely with the defendant, and do not justify the court in interfering with the land as it is now held by the parties. The plaintiffs had the right, as we held on the former appeal, to make their election, but in doing so equity imposed upon them the duty to make a full compensation to their brother for his disappointment by reason of their election to take their interest in their brother James's estate under the intestate laws. We are not satisfied that a decree in partition would

have this result, and therefore the decree of the court below is affirmed. The costs of this appeal to be paid in equal proportions by the appellants and the appellees.