## Shelley's Estate.

*Wills—Election by legatee to take under will—Intent how shown —Trustee—Insurance money—Presumption of payment—Statute of limitations.*

1. If an election by a legatee to take under a will is made apparent, and he thereby acquires some new advantage, he is bound by the will as a whole.

2. The purpose to elect may be evidenced by the conduct of the parties, acting with full knowledge of the legal effect of their act, but it is not to be inferred unless the intention is clearly apparent.

3. If the legatee or devisee sees not fit to give up property owned by him, and attempted to be disposed of by the testator, he does not forfeit his entire interest, unless the new provision in the will equals or exceeds it in value so as to compensate him.

4. Where a father assigns a policy of insurance on his own life to his minor daughter absolutely, but, later, by his will, gives such insurance to his executor to hold the same in trust for the daughter's life, and, after her death without children, to a college of which the executor is president, but the insurance is collected by the daughter's guardian with the executor's knowledge and paid over to her when she came of age, the college, after the death of the daughter, and twenty years after the payment of the insurance money to her, cannot assert a claim to it as against the daughter's estate.

5. In such case, if the claim against the daughter be regarded as a debt to her father's estate, by reason of her electing under the will and receiving other benefits, it was the duty of the executor to bring suit to collect it within the statutory period, and as he failed to do this the daughter's estate was not liable.

6. The fact that the executor was a fiduciary and would have held the money as trustee after collecting it, did not excuse his delay in not bringing suit within the statutory period.

7. If the insurance money be considered as a trust fund in the hands of the daughter as. trustee for the college, the statute nevertheless was applicable, and suit should have been brought against her within six years from the time the money was paid to her.

8. Even irrespective of the statute of limitation, the presumption is that the claim was adjusted or paid within the twenty years.

9. The college cannot claim that as remainderman it could not bring suit until the death of the daughter, inasmuch as suit could have been brought for it by the executor.

Argued May 11, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 193 and 194, Jan. T., 1926, by L. Edward Herr and Emma J. Herr, Administratrix of Reinicker F. Herr, deceased, from decree of O. C. York Co., dismissing exceptions to auditor's final report, in Estate of Annie E. Shelley, deceased. Reversed.

Exceptions to final report of Frederick B. Gerber, Esq., auditor on distribution. Before NILES, J.*

The opinion of the Supreme Court states the facts.

Exceptions dismissed. L. Edward Herr and Emma J. Herr, administratrix of Reinicker F. Herr, deceased, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*George Hay Kain,* with him *Samuel K. McCall* and *Richard E. Cochran,* for appellants.—The doctrine of equitable election is founded on the intention of the author of the instrument, which must, as I apprehend, be collected from the face of the instrument itself. When the intention necessary to raise the question of election is clearly expressed or necessarily implied, the party to whom a benefit is given by the instrument but claiming a right adverse thereto, may either be compelled to make his election, or otherwise to make compensation out of what is thereby given to him. But unless the intention be so expressed or implied, he cannot be put to his election nor called on to make compensation: Stump v. Findlay, 2 Rawle 168; Phila. v. Davis, 1 Wh. 490.

Stoolfoos v. Jenkins, 12 S. & R. 399, seems to be a direct authority to the effect that in the absence of fraud an infant cannot be bound by the legal consequences of his act. The same principle was applied to married women in Keen v. Coleman, 39 Pa. 299.

Before a legatee can be obliged to elect, the amount to which he is entitled under the will must be settled and ascertained, and he must have knowledge of his right. Without this, his receipt for a length of time of the benefits provided by the will does not conclude him: Kreiser's App., 69 Pa. 194; White's Est., 23 Pa. Superior Ct. 552; Woods v. Wilson, 37 Pa. 379; Bittner v. Coal Co.,

---

*Exceptions to the original report were sustained in opinion by WANNER, P. J., and the report recommitted. Exceptions to the final report were dismissed in a formal order by NILES, P. J.

271 Pa. 579; Woodburn's Est., 138 Pa. 606; Anderson's App., 36 Pa. 476; Dickinson v. Dickinson, 61 Pa. 401.

It is well settled that the rule of election is compensation, not forfeiture: Phila. v. Davis, 1 Wh. 490; Lewis v. Lewis, 13 Pa. 79; Van Dyke's App., 60 Pa. 481, 492; Penna. Co. v. Stokes, 61 Pa. 136, 140; Little's App., 3 Walk. 225; Vance's Est., 141 Pa. 201, 210; Zimmerman v. Lebo, 151 Pa. 345, 350; Cumming's Est., 153 Pa. 397.

Recovery is barred by lapse of time: Ashhurst's App., 60 Pa. 290; Evan's App., 81 Pa. 278; Emaus Orphans' House v. Kendig, 1 Pears. 34; Gernet v. Lynn, 31 Pa. 94; McCormick v. Sypher, 238 Pa. 185; Lloyd's Est., 281 Pa. 379; Walker v. Walker, 16 S. & R. 379.

*Frank Gosnell*, with him *Schmidt, Keesey, Stair & Kurtz*, for appellee.—The claim of Goucher College against Miss Shelley's estate in this case is for the proceeds of the two life insurance policies amounting to $10,000 based on the equitable doctrine of election. Miss Shelley having elected to take under her father's will a life estate in his Hill Island Farm, her interest in the proceeds of the policies was thereby cut down to a life estate: Hamilton v. Buckwalter, 2 Yeates 389; Cauffman v. Cauffman, 17 S. & R. 16, 24; Tiernan v. Roland, 15 Pa. 429; Cox v. Rogers, 77 Pa. 160; Boileau's Est., 201 Pa. 493; Bradfords v. Kents, 43 Pa. 474; Mebus's Est., 273 Pa. 505.

Goucher College is not affected by laches or limitations: Montgomery's App., 77 Pa. 370.

OPINION BY MR. JUSTICE SADLER, June 26, 1926:

William H. Shelley took out two policies of life insurance for $5,000 each on his own life, and in 1890 assigned them to his minor daughter. On his death, ten years later, the proceeds were paid to her guardian. Upon arrival at majority in 1902, an amount, including this sum, was delivered, by order of the orphans' court, to

the ward, and retained by her until November 3, 1922, when she died. Her entire estate, now for distribution, is much in excess of the sum received when she became of age. The Woman's College of Baltimore (now Goucher College) presented a claim for $10,000 to the auditor appointed to distribute the balance in the hands of her executors, and the right to demand payment of it gave rise to the present litigation.

The father made a will in 1898, which was probated after his death in 1900, and named Doctor Goucher executor. The latter was then president of the institution above referred to, and continued to act in that capacity until 1908. An inventory of the estate was filed in which no reference is made to the insurance paid to the guardian of the daughter. A first but not a final account of the administration appears, and the executor was never discharged. During his lifetime, he made no demand for the return of the money received from the insurance company, so far as the record discloses, or for the payment of any sum from the daughter.

By the will of the father, personal property of the value of $378, bequeathed to Miss Shelley by paragraph four, was delivered to her guardian. Section five directed that the proceeds of the two policies of insurance, which had been previously transferred to her, and subsequently paid, as noted above, should be held in trust for the daughter, and, upon her death without children, the principal used for the Woman's College, to be appropriated as therein provided. The executor was directed to invest this insurance fund in government or municipal bonds, and pay the income in the manner set forth, but he never collected the same. It was delivered to the guardian, a fact of which Doctor Goucher had full knowledge, he having at the same time received the proceeds of a third policy, standing in the name of the estate, and later distributed this money under the terms of the will.

Paragraph eight devised a farm to the executor to sell and invest the purchase price, the income to be paid to Miss Shelley for life, and, upon her death, without children, the remainder was bequeathed to the Woman's College. The land was not sold, and the rents, less expenses, were for two years turned over to the guardian, and, after 1902, when the ward attained majority, to the life tenant named. The net amount received until 1922, when Miss Shelley died, does not appear. It is insisted that the receipt of the income derived from the land constituted an election to take under the will, and, since benefit from one provision was accepted, the daughter was bound to see that all parts of it were given force and effect, thereby relinquishing her absolute right to the proceeds of the insurance, which it was her duty to surrender to the estate for distribution, as provided in paragraph five.

If an election to take under a will is made apparent, then the beneficiary, who acquires thereby some new advantage, is bound by the instrument as a whole: Hamilton v. Buckwalter, 2 Yeates 389; Phila. v. Davis, 1 Whart. 490; Zimmerman v. Lebo, 151 Pa. 345. This purpose may be evidenced by the conduct of the parties, acting with full knowledge of the legal effect of their act (Melot's Est., 231 Pa. 520; Boileau's Est., 201 Pa. 493; Bradfords v. Kents, 43 Pa. 474; Cox v. Rogers, 77 Pa. 160), but is not to be inferred unless the intention is clearly apparent: Davis v. Davis, 46 Pa. 342. If the legatee or devisee sees fit not to give up property owned by him, and attempted to be disposed of by the testator, he does not forfeit his entire interest, unless the new provision exceeds it in value, but must compensate the legatee, who is disappointed, by payment, from the fund taken, of a sum sufficient, if such there be, for it is the source which must be looked to by the donee, and which measures the extent of the right to reimbursement: Cauffman v. Cauffman, 17 S. & R. 16; Armstrong v. Walker, 150 Pa. 585; Cooley v. Houston, 229 Pa. 495,

s. c. 247 Pa. 590; 5 A. L. R. 1628, note. There was not enough evidence in the present case to show the net income of the farm received by Miss Shelley, so that the principle of compensation could be applied, if the legal rule as to election was here enforceable, as insisted upon by the claimant.

It is clear that, without regard to the will, the daughter was entitled to the insurance fund. With the knowledge of the executor, it was paid to the guardian, and later transferred to her, and retained without protest for more than twenty years. To show that she elected to surrender the right to this money, and to hold it for life only, under paragraph five, the only evidence is the actual receipt by the guardian of the small amount of personalty, and by her of the rent from the farm, which the executor had been directed to sell and invest the proceeds. It is to be noted that, irrespective of the will, she was entitled, under the intestate laws, to the income, for the remainder was to become effective only if she died without children, and her election to keep the insurance would not have accelerated the termination of the life interest (Portuondo's Est., 185 Pa. 472), nor destroyed it: Reighard's Est., 253 Pa. 43. It is not clear that Miss Shelley, either by words or conduct, indicated an intention to subject her interest to the limitations imposed by paragraph five. Even if so, the rule as to compensation only was applicable, but, as we view the case, a further discussion of this proposition becomes unimportant, since the decision must rest on the ground taken by the auditor, whose report was later set aside.

The insurance was paid to the guardian in 1900, under the terms of the policy, without objection by the executor, who was, and continued for many years to be, the chief executive of the college which was named as remainderman. Two years later, the orphans' court directed that the fund be transferred to the ward, who had become of age. She retained it until her death, more than twenty years later. During the entire period,

no claim was made to the fund by the executor and trustee, and no evidence appears to show that the obligation, if any, arising by reason of the will, was not fully satisfied. The inventory filed did not set forth the claim as an asset, nor was it referred to in the account filed by the personal representative.

It was the executor's duty to collect the assets of the estate, and, by paragraph five, he was expressly commanded to take and invest the fund in a certain manner. Though aware that the rents of the farm were being paid to the daughter, he made no effort to secure the insurance money, on the ground that, by reason of an election, the same became part of the estate. If the conduct of Miss Shelley made her a debtor to it, an obligation to enforce her accountability followed, and an election by her would give rise to a right in the executor, whose duty it was to collect outstanding claims (Gallagher's Est., 76 Pa. 296), and to proceed to do so within the period fixed by the statute of limitations. If his right becomes barred, so is that of the heir or devisee: 17 R. C. L. 977; 37 C. J. 719. The fact that he was a fiduciary, and would have held the money in trust after collecting it, does not excuse his delay in bringing suit within the statutory period: Smilie v. Biffle, 2 Pa. 52; Trustees of Kingston v. L. V. C. Co., 241 Pa. 469, 475. Considering the claim against Miss Shelley as a debt to the estate of her father, as suggested by the appellee, it could not have been recovered by the executor when more than six years had gone by.

It is urged, however, that the fund was held in trust, and a different rule must be applied. If the sum received by her be treated as money paid over and held for the use of another, the statute is nevertheless applicable (Hostetter v. Hollinger, 117 Pa. 606; Maus v. Maus, 80 Pa. 194; Com. v. Folz, 23 Pa. Superior Ct. 558; Dorrance v. Ryon, 35 Pa. Superior Ct. 180), as in the case of claims for legacies charged on land by a testator (Etter v. Greenawalt, 98 Pa. 422), unless the amount

has been transferred to another, such as an executor, to hold on an express trust for the beneficiary: Stough's Est., 196 Pa. 358. In all cases of implied or constructive trusts, the suit to recover by those interested must be within the time limited by law (Ashhurst's App., 60 Pa. 290; Evans's App., 81 Pa. 278; McLaflin v. Jones, 155 Ill. 539, 40 N. E. 330; Stringer v. Stevens' Est., 146 Mich. 181, 109 N. W. 269; 8 L. R. A. (N. S.) 393, note; 17 R. C. L. 1794), though the contrary is true where funds are held on an express trust, in which event the running is from the date of repudiation: 17 R. C. L. 794; 37 C. J. 719, 909. The present case comes within the former class, if a trust at all. The moneys were at no time in the hands of the estate, and, if any right to an interest therein arose, it came from the election to take benefits under the will, thus subjecting the legatee to the obligation of compensating those disappointed by the failure to agree that the money be held for life only.

Claimant insists the rules stated are inapplicable here, since the college had an interest only in remainder, which it could not enforce until the death of Miss Shelley, and that it attempted to do so within six years of that date. It is true, the rights of the remainderman are ordinarily to be determined as of the time of the termination of the life estate, and, where the right of entry does not come into existence until it ends, the statutory period is measured from that time, since the estates of the remainderman and life tenant are distinct: Lloyd's Est., 281 Pa. 379; Stahl v. B., R. & P. Ry. Co., 262 Pa. 493; Gernet v. Lynn, 31 Pa. 94. Such conclusion rests on the theory that, until a cause of action accrues, which is capable of legal assertion, his rights are unaffected, but this rule has no application where it appears that the claim could have been insisted upon by another on his behalf: Thompson v. Carmichael, 122 Pa. 478. In the present case, the demand against Miss Shelley, either as a debtor or holder under an implied trust, not only could have been maintained by the personal rep-

resentative, but it was his legal duty to so proceed if the estate had any rights. Action by him was barred, and, as already noticed, the ultimate beneficiaries are likewise precluded. If any wrong has been occasioned to them, their redress is to be secured from the estate of the executor.

The learned court below was of opinion that a contrary conclusion should be reached, on the authority of Montgomery's App., 77 Pa. 370, but we are unable to agree that it controls here. In that case a trust fund was transferred by one executor to a second intact, to be used for the benefit of the latter's wife for life. He mingled it apparently with his own funds, and gave his entire estate to her. When she died, the amount of the trust fund was paid over to an administrator d. b. n. c. t. a. of the husband. On distribution of this specific fund, the remaindermen were held entitled to it, as against the heirs of the life tenant, their claim being presented within the statutory period after her death. The facts showed a definite sum set aside and held on an express trust, not subject to the running of the statute, until repudiated by the trustee, as we have heretofore noticed, and not an implied or constructive one. The executor in the case at bar at no time raised a trust fund, though it is now claimed he might have done so, in view of Miss Shelley's election to take the rents of the farm. Any suit by him has been long since barred, and those now claiming to take are without recourse to other than his estate, if there was a failure to perform his legal obligation.

Irrespective of the statute of limitations, there is a presumption that the claim, if any arose, was paid, or in some manner settled or adjusted during the more than twenty years that passed after the insurance money was turned over: Ash's Est., 202 Pa. 422; Carter v. Ridge Turnpike Co., 208 Pa. 565; Brankin v. P. N. & N. Y. R. R. Co., 286 Pa. 331. This rule is not inconsistent with the position that the statute of limitations

is a bar: 37 C. J. 685, 686.  After the lapse of time indicated, no demand could be successfully asserted by a personal representative of the father,—whose duty it was to enforce any outstanding right,—without proof that there was a collectible claim which was affirmatively shown to have been in no way liquidated or satisfied.

The conclusion reached makes unnecessary a discussion of other questions raised by the record, and the assignments of error need not be separately referred to.

The decree of the court below is reversed and the record is remitted that distribution may be made in accordance with the views expressed in this opinion; costs to be paid by appellee.