## Christie Estate

Before Sinkler, P. J., Klein, Bolger, Ladner, Hunter and Boland, JJ.

*Michael A. Coll*, for exceptant.

*Edward S. Lower* and *Arthur F. Schneider*, contra.

BOLAND, J., June 23, 1950.—The exceptions filed in this case are in two groups. One group excepts to

certain findings of the auditing judge, and the second group pertains to rulings on testimony, and all have to do with two claims against this estate, presented on behalf of Dr. George J. Brown.

The first claim was in the amount of $6,850, based upon a series of checks given by claimant to decedent beginning November 12, 1915, and continuing until the year 1925, and the other in the amount of $35, representing a bill for alleged dental services.

We can dismiss the claim for services in the amount of $35, covered by exceptions nos. 13 and 14, and sustain the auditing judge in his finding that the testimony in support of it was vague and indefinite.

As to the claim of $6,850, counsel for claimant contended before the auditing judge that the money advanced to decedent by claimant was given to decedent "with the understanding that it was for the purpose of investment". He further stated to the auditing judge that the relationship between decedent and claimant was on a "very friendly and confidential basis up until the time he died". His concluding statement to the court before presenting testimony was that the claim "is a transaction in the nature of an implied trust".

Claimant's son, George John Brown, was the witness on behalf of claimant, and he produced certain checks bearing dates between the years 1915 and 1925. He identified the signatures of the payee and of the maker, and then testified, in answer to counsel's question, that the circumstances under which these checks were given to the decedent by claimant was "for the purpose of making money, I should think". Again, when counsel asked him did he know why this money was given to decedent, he answered: "Well, in his business I should suppose". This was the nature of the testimony submitted to show why these checks were given by claimant to decedent.

Claimant based his claim on an implied trust, and the auditing judge found that claimant failed completely to establish his contention that a trust was created in his favor.

The auditing judge further found that as the last transaction between claimant and decedent occurred in 1925 any claim which claimant may have is barred by the statute of limitations.

Exceptions nos. 1 to 12, inclusive, were to the findings and observations of the auditing judge in his adjudication.

The two points made in these exceptions were to the findings of the auditing judge that (1) claimant failed to establish a trust in his favor, and (2) that the auditing judge ruled that the claim was barred by the statute of limitations.

Findings of fact by an auditing judge, like the verdict of a jury, will not be disturbed unless clear error be shown, and if there be sufficient evidence such findings will stand, even though another judge might have reached another and different conclusion. To justify a reversal there must be manifest error or the inferences and conclusions unwarranted: Hunter's Orphans' Court Commonplace Book, page 964, and cases therein cited.

A thorough reading of this record discloses the fact that the auditing judge could have come to no other conclusion than that claimant did not establish an implied trust.

With respect to the auditing judge's finding that this claim was barred by the statute of limitations, attention is called to the fact that trusts which are not affected by the statute of limitations are only those technical and continuing trusts over which chancery has exclusive jurisdiction; where the remedy for the recovery of money is at law, although the obligation

was in the nature of a trust, the statute applies: Hostetter v. Hollinger, 117 Pa. 606, where it was stated:

"A person who receives money to be paid to another, or to be applied to a particular purpose, and does not pay it to the person or apply it to the purpose intended, is within the operation of the Statute of Limitations."

See also Shelley's Estate, 287 Pa. 105; Dorrance v. Ryon, 35 Pa. Superior Ct. 180.

In addition to the above, the auditing judge finds in his adjudication that the "testimony of the claimant's son was indefinite and at times contradictory. He did not impress the auditing judge as a credible witness". The record itself most certainly sustains that statement, even though the auditing judge, seeing and hearing the witness, is better able to weigh his credibility.

In the case of Thorndell, Administratrix, et al. v. Munn, 298 Pa. 1, Mr. Justice Simpson, speaking for the court, called attention to the well-settled rule that though it is the duty of the court in banc to review carefully such of the findings of fact of the chancellor as have been made the subject of exceptions, "yet great weight is to be given to those findings in cases where, as here, they depend, in large degree, on the credibility of witnesses whom he saw and heard, and whose testimony, for that reason, he is best able to weigh . . ., as the tone and manner of a witness not infrequently indicate whether or not he is telling the truth". This was quoted with approval in Belmont Laboratories, Inc., v. Heist et al., 300 Pa. 542, 547. See, also, Kovacevich's Estate, 309 Pa. 268, 270, where the court refused to reverse the findings of the lower court without evidence of a more convincing character than was present in that case. "The appearance of the witnesses and their manner of testifying affords the hearing judge a better opportunity to determine their credibility than we are given." Particular attention is

called to the recent decision in Archer Estate, 67 D. & C. 605, aff. 363 Pa. 534 (1950).

Exceptions nos. 15, 16, 18 and 19 were to rulings of the auditing judge at the trial of this case. These exceptions are without merit with respect to this particular claim. Even though we were disposed to sustain them (which we are not), it would not change the decision on the claim.

Exception no. 17 was to ruling of the auditing judge in which the attorney for claimant contended that because of the examination and cross-examination of George John Brown, claimant himself, Dr. George J. Brown, was qualified to testify under the Act of 1891. George John Brown was recalled by the accountant in connection with certain signatures of his father, Dr. George J. Brown. He had previously, in direct examination in support of the claim, qualified himself as one familiar with the handwriting of Dr. George J. Brown. Upon his recall as a witness, he was asked to look at other signatures of Dr. George J. Brown on checks submitted by the accountant. He was very hazy and indefinite on this matter. In fact, the effort seemed to be on his part to deny the authenticity of the signature of Dr. George J. Brown. Counsel for claimant took the position that he, having been recalled to identify signatures of claimant, that this opened the door and qualified Dr. George J. Brown as a witness. There is no merit in this contention. The testimony of this witness would have to be adverse to the surviving party (Dr. George J. Brown) in order to make the latter competent. George John Brown was not the accountant's witness. He was claimant's own witness. See Robbins v. Farwell, 193 Pa. 37, 43, where it states:

"Nor was he made competent by the act of June 11, 1891. That act provides, in substance, that a party otherwise incompetent may testify as to relevant matter occurring in lifetime of deceased, if another and

competent witness has testified that said relevant matter occurred in his presence and that of the surviving party. The act palpably means that the testimony of this competent witness is adverse to the surviving party." The testimony of George John Brown was not adverse to that of claimant, Dr. George J. Brown. See also Thomas v. Miller, 165 Pa. 216.

We feel it is not necessary to review in detail the testimony submitted on behalf of claimant, for it was indefinite, inconclusive and at times inconsistent.

The exceptions are dismissed, and the adjudication confirmed absolutely.